UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN SCHARR<br>177 Chapel Street<br>Canandaigua, NY 14424<br><br>And<br><br>PATRICIA A. SCHARR<br>177 Chapel Street<br>Canandaigua, NY 14424<br><br>    Plaintiffs<br><br> v.<br><br>SELECTIVE INSURANCE COMPANY<br>OF NEW YORK.<br>40 Wantage Avenue<br>Branchville, NJ 07890<br><br>And<br><br>THE HANOVER INSURANCE<br>GROUP, INC.<br>440 Lincoln Street<br>Worcester, MA 01653<br><br>    Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiffs, John Scharr and Patricia A. Scharr ("Plaintiffs"), by and through their attorneys, Cheney & Blair, LLP, and claim of the Defendants an amount in excess of the statutory arbitration limits and avers the following:

1. Plaintiff, John Scharr is an individual currently residing at 177 Chapel Street, Canandaigua, New York 14424, within the County of Ontario.

2. Plaintiff, Patricia A. Scharr is an individual currently residing at 177 Chapel Street, Canandaigua, New York 14424, within the County of Ontario.

3. Defendant, Selective Insurance Company of New York ("Selective") is a foreign insurance corporation licensed to do business in the State of New York with a principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890.

4. Defendant, The Hanover Insurance Group, Inc. ("Hanover") is a foreign insurance corporation licensed to do business in the State of New York with a principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653.

5. This is an action for declaratory judgment seeking to have declared the rights and obligations by and between the parties hereto.

6. In December, 2014, Plaintiffs purchased a house located at 2358 Lerch Road, Penn Yan, New York 14527 (the "Cottage").

7. In connection therewith, Plaintiffs obtained a homeowners' insurance policy through Hanover (Policy # HNSA505914) which provided insurance coverage for the Cottage. By the terms of such policy, Hanover insured the Cottage against property damage.

8. In addition, Plaintiffs also obtained a Flood Insurance Policy from Selective (Policy # 0001739266). A copy of said policy is attached hereto as **Exhibit "A"**. By the terms of such policy, certain flood insurance was provided for the Cottage.

9. On June 14, 2015, Plaintiff's suffered a loss when the Cottage was damaged when the property at issue experienced significant rainfall, runoff and flooding (the "Event").

10. Such damages included, but are not limited to, the collapse of the entry concrete/wood framed floor at the rear vestibule, sloughing of the bank soils into the cellar and major displacement, distortion and separations in both parallel and shear walls of the upper floor.

11. Such damages were of such a significant nature that the Town of Milo Department of Code Enforcement and Administration condemned the Cottage and assessed the damages at $214,675.79.

12. At the time of the Event, both of the aforementioned insurance policies were in full force and effect.

13. As a result of the Event, Plaintiffs promptly notified Defendants Hanover and Selective of their loss and requested reimbursement therefore.

14. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. Section 1332 based upon the diversity of citizenship of the parties, as well as the underlying contracts between the parties.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT SELECTIVE SEEKING A DECLARATORY JUDGMENT CONCERNING ITS COVERAGE OBLIGATIONS FOR THE LOSS EXPERIENCED BY PLAINTIFFS.**

15. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "14" as if set forth fully herein.

16. As a result of the aforementioned Event, Plaintiffs submitted a claim under the flood insurance policy they had procured through Selective (Claim # 146515).

17. Selective subsequently acknowledged a limited coverage obligation with respect to the intrusion of debris and water causing damage to one of the concrete basement walls, but denied coverage for the remainder of the damage including the collapsed floor and structural damage, contending that the damages were not a covered loss as that term was defined in the operative insurance policy.

18. After application of Plaintiffs' $5,000.00 insurance premium, Selective tendered payment in the amount of $12,854.40, claiming that such was the extent of its coverage obligations.

19. Upon information and belief, contrary to Selective's assertions, the Event at issue constituted a "Flood" as that term is defined in the insurance policy.

20. Moreover, the damages suffered to the Cottage are the direct result of the Event and are of the type covered under Plaintiffs' flood insurance policy such that Plaintiffs are entitled to significant additional coverage for the damages suffered.

21. As a result of Selective's failure to provide full coverage as obligated to do so under the operative insurance policy, Plaintiffs have sustained significant damages.

22. Wherefore, Plaintiffs request a declaratory judgment determining that the losses suffered by the Plaintiffs are covered under the operative flood insurance policy such that Plaintiffs are entitled to reimbursement from Selective for their entire loss.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HANOVER SEEKING A DECLARATIORY JUDGMENT CONCERNING ITS COVERAGE OBLIGATIONS FOR THE LOSS EXPERIENCED BY PLAINTIFFS

23. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "22" as if set forth fully herein

24. As a result of the aforementioned Event, Plaintiffs submitted a claim under the homeowners' insurance policy they had procured through Hanover (Claim # 15-00680087).

25. Hanover subsequently denied coverage for the collapse of the floor and structural damage, contending that the damage was caused by a flood event and therefore not a covered loss as that term was defined in the operative insurance policy.

26. Upon information and belief, contrary to Hanover's assertions, the damages suffered to the Cottage are of the type covered under Plaintiffs' homeowners' insurance policy such that Plaintiffs are entitled to coverage for the loss.

27. As a result of Hanover's failure to provide full coverage as obligated to do so under the operative insurance policy, Plaintiffs have sustained significant damages.

28. Wherefore, Plaintiffs request a declaratory judgment determining that the losses suffered by the Plaintiffs are covered under the operative homeowners' insurance policy such that Plaintiffs are entitled to reimbursement from Hanover for their entire loss.

**WHEREFORE**, Plaintiff demands judgment as follows:

a) On Plaintiffs' First Cause of Action, a declaratory judgment in favor of Plaintiffs declaring that the losses suffered by Plaintiffs are covered under Plaintiffs' Flood Insurance Policy with Defendant Selective;

b) On Plaintiffs' Second Cause of Action, a declaratory judgment in favor of Plaintiffs declaring that the losses suffered by Plaintiffs are covered under Plaintiffs' Homeowners' Insurance Policy with Defendant Hanover; and

c) Such other and further relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED HEREIN.**

DATED:   December 15, 2016

CHENEY & BLAIR, LLP

_____
David D. Benz, Esq., Of Counsel
Attorneys for the Plaintiffs
Office and Post Office Address
68 Seneca Street, P.O. Box 50
Geneva, New York 14456
Telephone: (315) 230-4110
Email: dbenz@fingerlakeslaw.com